Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:    mark@markmerin.com
          paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF CHRISTOPHER TEMPLE
and AMBER SMITH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF CHRISTOPHER TEMPLE and AMBER SMITH,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This case arises from the officer-involved shooting and death of CHRISTOPHER TEMPLE, a mentally ill man, by deputies employed by the COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and Sheriff WAYNE WOO, occurring during a traffic stop on January 10, 2023.

## JURISDICTION & VENUE

1.      This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California

1

pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.     Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Placer, California.

## EXHAUSTION

4.     On May 23, 2023, the ESTATE OF CHRISTOPHER TEMPLE and AMBER SMITH submitted a government claim to the COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE relating to the claims alleged in this case, pursuant to California Government Code section 910 *et seq*. (Claim No. CNDA2300118 138490.)

5.     On July 5, 2023, the COUNTY OF PLACER, through the Placer County Board of Supervisors, mailed a notice of rejection of the government claim.

6.     By July 10, 2023, the PLACER COUNTY SHERIFF'S OFFICE failed or refused to act on the government claim, pursuant to California Government Code section 912.4.

## PARTIES

7.     Plaintiff ESTATE OF CHRISTOPHER TEMPLE appears by and through real-party-in-interest Plaintiff AMBER SMITH, who brings this action pursuant to California Code of Civil Procedure section 377.30. Plaintiff AMBER SMITH bring this action as successor-in-interest on behalf of CHRISTOPHER TEMPLE. Plaintiff AMBER SMITH's declaration regarding status as successor-in-interest to CHRISTOPHER TEMPLE is attached, pursuant to California Code of Civil Procedure section 377.32.

8.     Plaintiff AMBER SMITH is a resident of the State of California, County of Placer. Plaintiff AMBER SMITH was the legal spouse of CHRISTOPHER TEMPLE, prior to death. Plaintiff AMBER SMITH brings this action in a representative capacity, as a successor-in-interest on behalf of CHRISTOPHER TEMPLE; and in an individual capacity, on behalf of herself.

9.     Defendant COUNTY OF PLACER is located in the State of California. Defendant COUNTY OF PLACER is a "public entity," pursuant to California Government Code section 811.2.

10.     Defendant PLACER COUNTY SHERIFF'S OFFICE is located in the State of California,

<div align="center">2</div>

County of PLACER. Defendant PLACER COUNTY SHERIFF'S OFFICE is a "public entity," pursuant to California Government Code section 811.2.

11.     Defendant WAYNE WOO is and was, at all times material herein, a law enforcement officer and Sheriff for Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant WAYNE WOO is sued in an individual capacity.

12.     Defendant MICHAEL CODY is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant MICHAEL CODY is sued in an individual capacity.

13.     Defendant MELISSA ADAMS is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant MELISSA ADAMS is sued in an individual capacity.

14.     Defendant CLAUDELL VAUGHAN is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant CLAUDELL VAUGHAN is sued in an individual capacity.

## GENERAL ALLEGATIONS

15.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### Christopher Temple's Mental Health Issues

16.     CHRISTOPHER TEMPLE was a 40-year-old man when he died on January 11, 2023.

17.     CHRISTOPHER TEMPLE was a disabled person who struggled with mental health and substance abuse issues during the course of his life, including diagnosed conditions for which he was prescribed medications.

18.     CHRISTOPHER TEMPLE periodically experienced mental health episodes and issues related to his disabilities.

3

19. CHRISTOPHER TEMPLE's disabilities substantially limited major life activities, including, but not limited to, caring for oneself, speaking, concentrating, thinking, and communicating. For example, CHRISTOPHER TEMPLE's disabilities caused him to become paranoid, easily confused, defensive, agitated, stressed, fearful, and anxious. CHRISTOPHER TEMPLE's disabilities made it difficult for him to process relayed information and to verbalize his own thoughts, feelings, and intentions.

20. CHRISTOPHER TEMPLE was known to act irrationally when exhibiting symptoms of his disabilities, including expressing suicidal ideation.

21. CHRISTOPHER TEMPLE's medical records document mental health and substance abuse issues.

**Officer-Involved Shooting**

22. On January 10, 2023, around 11:50 p.m., CHRISTOPHER TEMPLE was driving a vehicle in Auburn, California.

23. CHRISTOPHER TEMPLE's vehicle was pulled-over by a patrol vehicle driven by Defendant PLACER COUNTY SHERIFF'S OFFICE deputies.

24. CHRISTOPHER TEMPLE's vehicle was stopped near 3760 Grass Valley Highway, Auburn, CA 95602.

25. Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN, deputies employed by Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE, were present at the scene.

26. On information and belief, Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN knew, or should have known, that CHRISTOPHER TEMPLE was suffering from mental illness.

27. On information and belief, Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN failed to utilize appropriate law enforcement techniques when contacting CHRISTOPHER TEMPLE, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant PLACER COUNTY SHERIFF'S OFFICE's policies, procedures, and general orders. For example, POST Learning Domain 20 ("Use of Force/Deescalation");

4

POST Learning Domain 26 ("Critical Incidents"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); POST Learning Domain 37 ("People with Disabilities"); Placer County Sheriff's Office General Order OPER 1 ("Use of Force"); Placer County Sheriff's Office Filed Operations No. 3-05 ("Crisis Negotiations"); and Placer County Sheriff's Office Filed Operations No. 5-01 ("5150 W&I Commitment Procedures").

28.     CHRISTOPHER TEMPLE exited his vehicle and was shot multiple times shot by Defendants MICHAEL CODY, MELISSA ADAMS, and/or CLAUDELL VAUGHAN.

29.     CHRISTOPHER TEMPLE sustained approximately seven gunshot wounds, including: (1) entering at the right cheek and exiting at the right lateral neck; (2) entering at the anterior right shoulder and lodging near the proximal right humerus; (3) entering at the right upper chest and lodging near the right 4th rib; (4) entering at the right lower abdomen and exiting at the lateral right hip; (5) entering at the anterior left arm and exiting at the posterior right axilla; (6) entering at the lateral left elbow and exiting at the medial left elbow; and (7) entering at the left lower back and lodging near the posterior to L2 vertebral body.

30.     On information and belief, CHRISTOPHER TEMPLE did not pose a threat to anyone, including Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN, at the time he was shot.

31.     On information and belief, Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN failed to utilize appropriate law enforcement techniques when using force against CHRISTOPHER TEMPLE, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant PLACER COUNTY SHERIFF'S OFFICE's policies, procedures, and general orders. For example, POST Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 26 ("Critical Incidents"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); POST Learning Domain 37 ("People with Disabilities"); Placer County Sheriff's Office General Order OPER 1 ("Use of Force"); Placer County Sheriff's Office General Order OPER 2 ("Firearms"); Placer County Sheriff's Office Filed Operations No. 3-05 ("Crisis Negotiations"); and Placer County Sheriff's Office Filed Operations No. 5-01 ("5150 W&I Commitment Procedures").

32.     Defendants MICHAEL CODY, MELISSA ADAMS, and/or CLAUDELL VAUGHAN applied to handcuffs to CHRISTOPHER TEMPLE arms, securing his arms behind his back.

33.     On information and belief, CHRISTOPHER TEMPLE did not receive adequate and necessary post-shooting medical care due to the presence of the handcuffs securing his arms behind his back.

34.     On information and belief, Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN failed to utilize appropriate law enforcement techniques when handcuffing CHRISTOPHER TEMPLE's arms behind his back, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant PLACER COUNTY SHERIFF'S OFFICE's policies, procedures, and general orders. For example, POST Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 26 ("Critical Incidents"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); POST Learning Domain 34 ("First Aid, CPR, and AED"); POST Learning Domain 37 ("People with Disabilities"); Placer County Sheriff's Office General Order OPER 1 ("Use of Force"); Placer County Sheriff's Office General Order OPER 8 ("Arrest and Control Techniques"); and Placer County Sheriff's Office General Order OPER 9 ("Restraints").

35.     CHRISTOPHER TEMPLE died at the scene.

36.     CHRISTOPHER TEMPLE's cause of death was identified as "gunshot wounds of the chest and lower torso."

## POLICY AND CUSTOM ALLEGATIONS

37.     Defendant WAYNE WOO has been employed by Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE since 1994, including in a supervisory capacity since at least 2012. Defendant WAYNE WOO was elected Sheriff in June 2022.

38.     Defendant WAYNE WOO is and was a final policymaking authority for Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE, including as it relates to the maintenance of policies and customs of training, supervision, and discipline of officers under his command and confrontations with persons experiencing or suffering from documented or apparent mental health crises. *See* County of Placer, Charter Art. IV § 401 ("Elective Officers"); County of Placer, Code § 3.08.870 ("Appointments"); Placer County Sheriff's Office General Order ADMIN 1

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. _____

("Organization and Operation").

39.     Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO maintained inadequate policies or customs of training, supervision, and discipline of officers under their command related to confrontations with persons experiencing or suffering from documented or apparent mental health crises.

40.     Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO knew or should have known that a substantial number of contacts had occurred between their personnel and persons wherein force had been applied involved mentally ill and/or substance-impaired persons who do not respond in the way persons who are not mentally ill do to orders, commands, brusk and direct language, and escalating force. For example, Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE regularly received calls for assistance with persons undergoing mental health crises and, as a result, officers under their command are on the front lines in dealing with persons with mental health problems, including CHRISTOPHER TEMPLE.

41.     Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO failed to promulgate specific policies and customs and to train officers under their command in the application of necessary policies, including those prescribed by California Peace Officer Standards and Training ("POST") learning domains, including Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 26 ("Critical Incidents"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); and POST Learning Domain 37 ("People with Disabilities").

42.     Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO failed adequately to prepare and train officers under their command in critical areas, including Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN, for example:

(a)     how and when to call for the assistance of officers or professionals with specialized training in dealing with mental illness, when possible;

(b)     how and when to approach persons suffering from mental disability or substance impairment;

(c)     how and when to speak to persons suffering from a mental disability or substance

7

impairment;

(d) how and when to interact with persons suffering from mental disability or substance impairment (including using appropriate body language and tone of voice);

(e) how and when to respect the personal space of persons suffering from mental disability or substance impairment;

(f) how and when to provide reasonable accommodations for persons suffering from mental disability or substance impairment; and

(g) how and when to de-escalate, without use of force, incidents involving persons suffering from mental disability or substance impairment.

43. Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force, including Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN, for example:

(a) the application of excessive and unreasonable use of force against non-threatening persons;

(b) the inadequate training of personnel with respect to the use of force;

(c) the employment, retention, supervision, training, control, assignment, and disciple of personnel with dangerous propensities for abusing authority;

(d) the maintenance of inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by personnel;

(e) the inadequate or non-existent discipline of personnel, including imposition of discipline that is disproportional to the magnitude of the misconduct and fails to discourage future misconduct or is tantamount to encouraging misconduct ("slaps on the wrist");

(f) the announcement that unjustified uses of force are "within policy," including incidents that are later determined in court or implied through settlement to be non-compliant with policy or unlawful;

(g) the inadequate investigation of uses of force, including refusal to consider relevant

8

witness and evidence;

(h)     the untimely, delayed, or prolonged investigation of uses of force, such that determination of culpability, if any, is returned after the period of time during which effective corrective action or meaningful discipline can be taken;

(i)     the refusal to discipline, terminate, or retrain personnel, where uses of force are determined in court or implied through settlement to be non-compliant with policy or unlawful;

(j)     the encouragement, accommodation, or facilitation of a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," "blue line," "turn a blind eye," or "code of silence," pursuant to which personnel do not report errors, misconduct, or crimes and, if questioned about an incident of misconduct involving another officer, claim ignorance of misconduct; and

(k)     the maintenance a policy of inaction and an attitude of indifference towards ongoing law enforcement use of force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend personnel for criminal prosecution who participate in unlawful uses of force.

44.     Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs because the inadequacies constituted life-threatening decisions and were so obvious and likely to result in violations of rights of persons coming into contact with their personnel, including Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

45.     Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO's inadequate policies, procedures, and training did proximately cause violation of rights of persons coming into contact with officials, including the death of CHRISTOPHER TEMPLE.

## FIRST CLAIM

### Excessive Force

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

46.     Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. _____

1  CLAUDELL VAUGHAN.

2       47.    The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the

3  extent relevant and as if fully set forth in this Claim.

4       48.    Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN used

5  unreasonable and excessive force against CHRISTOPHER TEMPLE, including by shooting

6  CHRISTOPHER TEMPLE, in violation of the Fourth Amendment to the U.S. Constitution.

7       49.    Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and

8  WAYNE WOO maintained policies or customs of action and inaction resulting in harm to

9  CHRISTOPHER TEMPLE, in violation of the Fourth Amendment to the U.S. Constitution.

10       50.    Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL

11  VAUGHAN's actions and inactions were motivated by evil motive or intent, involved reckless or callous

12  indifference to rights, or were wantonly or oppressively done.

13       51.    CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants

14  COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL

15  CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling Plaintiff

16  ESTATE OF CHRISTOPHER TEMPLE to receive compensatory damages against Defendants

17  COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL

18  CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN; and punitive damages against Defendants

19  WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

20       WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder

21  appears.

22  <center>**SECOND CLAIM**</center>

23  <center>**Unreasonable Medical Care**</center>

24  <center>**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**</center>

25       52.    Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil

26  Procedure section 377.30) asserts this Claim against Defendants MICHAEL CODY, MELISSA

27  ADAMS, and CLAUDELL VAUGHAN.

28       53.    The allegations of the preceding paragraphs 1 to 36 are realleged and incorporated, to the

<center>10</center>

extent relevant and as if fully set forth in this Claim.

54.     Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN failed to provide CHRISTOPHER TEMPLE, and prevented him from receiving, reasonable and necessary medical care, in violation of the Fourth Amendment to the U.S. Constitution.

55.     Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

56.     CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder appears.

### THIRD CLAIM

#### Section 504 of the Rehabilitation Act

#### (29 U.S.C. § 701, *et seq.*)

57.     Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE.

58.     The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

59.     Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE receive federal financial assistance. CHRISTOPHER TEMPLE had a mental impairment that substantially limited one or more major life activities, at all times material herein.

60.     Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN failed to provide reasonable accommodation for CHRISTOPHER TEMPLE's disabilities in the course of

investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including, among other actions, by utilizing persons with specialized training in dealing with mental illness to communicate with CHRISTOPHER TEMPLE in a non-confrontational manner; by approaching CHRISTOPHER TEMPLE in a non-confrontational manner, without displaying or threatening use of force; by speaking to CHRISTOPHER TEMPLE in a non-confrontational manner, with an appropriate tone of voice and without threatening use of force; by interacting with CHRISTOPHER TEMPLE in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against CHRISTOPHER TEMPLE, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

61.    Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO maintained policies or customs of action and inaction which failed to provide reasonable accommodation for CHRISTOPHER TEMPLE's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs, including, among other policies and customs, utilizing persons with specialized training in dealing with mental illness to communicate with mentally ill subjects; preparing officers how and when to approach mentally ill subjects; how and when to speak to mentally ill subjects; how and when to interact with mentally ill subjects, including using appropriate body language and tone of voice; how and when to respect the personal space of mentally ill subjects; and/or how to de-escalate incidents involving mentally ill subjects without use of force, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

62.    CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling Plaintiff ESTATE OF CHRISTOPHER TEMPLE to receive compensatory and nominal damages against Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder

12

appears.

### FOURTH CLAIM

### Title II of the Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

63.     Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE.

64.     The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

65.     Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. CHRISTOPHER TEMPLE had a mental impairment that substantially limited one or more major life activities, at all times material herein.

66.     Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN failed to provide reasonable accommodation for CHRISTOPHER TEMPLE's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including, among other actions, by utilizing persons with specialized training in dealing with mental illness to communicate with CHRISTOPHER TEMPLE in a non-confrontational manner; by approaching CHRISTOPHER TEMPLE in a non-confrontational manner, without displaying or threatening use of force; by speaking to CHRISTOPHER TEMPLE in a non-confrontational manner, with an appropriate tone of voice and without threatening use of force; by interacting with CHRISTOPHER TEMPLE in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against CHRISTOPHER TEMPLE, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

67.     Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO maintained policies or customs of action and inaction which failed to provide reasonable accommodation for CHRISTOPHER TEMPLE's disabilities in the course of investigation or arrest,

13

causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs, including, among other policies and customs, utilizing persons with specialized training in dealing with mental illness to communicate with mentally ill subjects; preparing officers how and when to approach mentally ill subjects; how and when to speak to mentally ill subjects; how and when to interact with mentally ill subjects, including using appropriate body language and tone of voice; how and when to respect the personal space of mentally ill subjects; and/or how to de-escalate incidents involving mentally ill subjects without use of force, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

68.     CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling Plaintiff ESTATE OF CHRISTOPHER TEMPLE to receive compensatory and nominal damages against Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder appears.

## FIFTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

69.     Plaintiff AMBER SMITH asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

70.     The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

71.     Plaintiff AMBER SMITH shared a close relationship and special bond with CHRISTOPHER TEMPLE, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship, prior to the death of CHRISTOPHER TEMPLE. Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S

14

OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN caused termination of and interference with Plaintiff AMBER SMITH's familial relationship with CHRISTOPHER TEMPLE, in the violation of the Fourteenth Amendment to the U.S. Constitution.

72.     Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

73.     Plaintiff AMBER SMITH was injured as a direct and proximate result of Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN; and punitive damages against Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

WHEREFORE, Plaintiff AMBER SMITH prays for relief as hereunder appears.

## SIXTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

74.     Plaintiff AMBER SMITH asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

75.     The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

76.     Plaintiff AMBER SMITH shared a close relationship and special bond with CHRISTOPHER TEMPLE, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship, prior to the death of CHRISTOPHER TEMPLE. Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN caused termination of and interference with Plaintiff AMBER SMITH's familial relationship with

15

1  CHRISTOPHER TEMPLE, in the violation of the First Amendment to the U.S. Constitution.

2      77.    Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL

3  VAUGHAN's actions and inactions were motivated by evil motive or intent, involved reckless or callous

4  indifference to rights, or were wantonly or oppressively done.

5      78.    Plaintiff AMBER SMITH was injured as a direct and proximate result of Defendants

6  COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL

7  CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling her to

8  receive compensatory damages against Defendants COUNTY OF PLACER, PLACER COUNTY

9  SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL

10  VAUGHAN; and punitive damages against Defendants WAYNE WOO, MICHAEL CODY, MELISSA

11  ADAMS, and CLAUDELL VAUGHAN.

12      WHEREFORE, Plaintiff AMBER SMITH prays for relief as hereunder appears.

13  ## SEVENTH CLAIM

14  **Excessive Force**

15  **(Cal. Const. Art. I § 13)**

16      79.    Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil

17  Procedure section 377.30) asserts this Claim against Defendants COUNTY OF PLACER, PLACER

18  COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and

19  CLAUDELL VAUGHAN.

20      80.    The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the

21  extent relevant and as if fully set forth in this Claim.

22      81.    Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN used

23  unreasonable and excessive force against CHRISTOPHER TEMPLE, including by shooting

24  CHRISTOPHER TEMPLE, in violation of Article I, Section 13 of the California Constitution.

25      82.    Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, AND

26  WAYNE WOO maintained policies or customs of action and inaction resulting in harm to

27  CHRISTOPHER TEMPLE, in violation of Article I, Section 13 of the California Constitution.

28      83.    Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are

vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

84.     Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

85.     CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling Plaintiff ESTATE OF CHRISTOPHER TEMPLE to receive compensatory damages against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN; and punitive damages against Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder appears.

## EIGHTH CLAIM

### Unreasonable Medical Care

### (Cal. Const. Art. I § 13)

86.     Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

87.     The allegations of the preceding paragraphs 1 to 36 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

88.     Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN failed to provide CHRISTOPHER TEMPLE, and prevented him from receiving, reasonable and necessary medical care, in violation of Article I, Section 13 of the California Constitution.

89.     Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are

17

vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

90.     Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

91.     CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling Plaintiff ESTATE OF CHRISTOPHER TEMPLE to receive compensatory damages against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN; and punitive damages against Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder appears.

## NINTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

92.     Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

93.     The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Excessive Force

94.     Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN used unreasonable and excessive force against CHRISTOPHER TEMPLE, including by shooting CHRISTOPHER TEMPLE, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

95.     Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO maintained policies or customs of action and inaction resulting in harm to CHRISTOPHER TEMPLE, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

<div align="center">Unreasonable Medical Care</div>

96.     Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN failed to provide CHRISTOPHER TEMPLE, and prevented him from receiving, reasonable and necessary medical care, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

<div align="center">Section 504 of the Rehabilitation Act & Title II of the Americans with Disabilities Act</div>

97.     Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN failed to provide reasonable accommodation for CHRISTOPHER TEMPLE's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including, among other actions, by utilizing persons with specialized training in dealing with mental illness to communicate with CHRISTOPHER TEMPLE in a non-confrontational manner; by approaching CHRISTOPHER TEMPLE in a non-confrontational manner, without displaying or threatening use of force; by speaking to CHRISTOPHER TEMPLE in a non-confrontational manner, with an appropriate tone of voice and without threatening use of force; by interacting with CHRISTOPHER TEMPLE in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against CHRISTOPHER TEMPLE, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

98.     Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO maintained policies or customs of action and inaction which failed to provide reasonable accommodation for CHRISTOPHER TEMPLE's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and

<div align="center">19</div>

customs, including, among other policies and customs, utilizing persons with specialized training in dealing with mental illness to communicate with mentally ill subjects; preparing officers how and when to approach mentally ill subjects; how and when to speak to mentally ill subjects; how and when to interact with mentally ill subjects, including using appropriate body language and tone of voice; how and when to respect the personal space of mentally ill subjects; and/or how to de-escalate incidents involving mentally ill subjects without use of force, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

<div align="center">Common Allegations</div>

99.     Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

100.     Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

101.     CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling Plaintiff ESTATE OF CHRISTOPHER TEMPLE to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN; and punitive damages against Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder appears.

\ \ \

\ \ \

<div align="center">20</div>

## TENTH CLAIM

**Assault / Battery**

102.    Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

103.    The allegations of the preceding paragraphs 1 to 36 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

104.    Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN used unreasonable and excessive force against CHRISTOPHER TEMPLE, including by shooting CHRISTOPHER TEMPLE.

105.    Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

106.    Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

107.    CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling Plaintiff ESTATE OF CHRISTOPHER TEMPLE to receive compensatory damages against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN; and punitive damages against Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder appears.

\ \ \

### ELEVENTH CLAIM

**Intentional Infliction of Emotional Distress**

108.    Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

109.    The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

110.    Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN engaged in outrageous conduct—including, among other actions, by deploying intimidating and threatening force towards CHRISTOPHER TEMPLE prior to the shooting and by shooting CHRISTOPHER TEMPLE—with intent or reckless disregard of the probability that CHRISTOPHER TEMPLE would suffer emotional distress and he did suffer severe emotional distress.

111.    Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

112.    Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

113.    CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling Plaintiff ESTATE OF CHRISTOPHER TEMPLE to receive compensatory damages against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN; and punitive damages against Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder

appears.

## TWELFTH CLAIM

### Negligence

114.    Plaintiff ESTATE OF CHRISTOPHER TEMPLE (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

115.    The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

116.    Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN owed CHRISTOPHER TEMPLE a duty of care and breached that duty, including, among other actions, by employing improper tactical conduct and decisions preceding the use of excessive force against CHRISTOPHER TEMPLE; by failing reasonably to accommodate CHRISTOPHER TEMPLE's disability; and by using excessive force against CHRISTOPHER TEMPLE.

117.    Defendant WAYNE WOO had a special relationship with Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN, and owed CHRISTOPHER TEMPLE a duty of care and breached the duty including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to CHRISTOPHER TEMPLE.

118.    Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

119.    Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

120.    CHRISTOPHER TEMPLE was injured as a direct and proximate result of Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling Plaintiff ESTATE OF CHRISTOPHER TEMPLE to receive compensatory damages

against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN; and punitive damages against Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

WHEREFORE, Plaintiff ESTATE OF CHRISTOPHER TEMPLE prays for relief as hereunder appears.

### THIRTEENTH CLAIM

**Wrongful Death**

**(Cal. Code Civ. Proc. § 377.60)**

121.    Plaintiff AMBER SMITH assert this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

122.    The allegations of the preceding paragraphs 1 to 45 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

123.    Defendants MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN caused CHRISTOPHER TEMPLE's death by wrongful acts and neglect, including, among other actions, by employing improper tactical conduct and decisions preceding the use of excessive force against CHRISTOPHER TEMPLE; by failing reasonably to accommodate CHRISTOPHER TEMPLE's disability; and by using of excessive force against CHRISTOPHER TEMPLE.

124.    Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and WAYNE WOO caused CHRISTOPHER TEMPLE's death by wrongful acts and neglect, including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to CHRISTOPHER TEMPLE.

125.    Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

24

126.     Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

127.     CHRISTOPHER TEMPLE died and Plaintiff AMBER SMITH were injured as a direct and proximate result of Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN; and punitive damages against Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN.

WHEREFORE, Plaintiff AMBER SMITH prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF CHRISTOPHER TEMPLE and AMBER SMITH seek Judgment as follows:

1.     For an award of compensatory, general, special, and nominal damages (including survival/loss-of-life damages and wrongful death damages under federal and state law) against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN, in excess of $20,000,000, according to proof at trial;

2.     For an award of exemplary/punitive damages against Defendants WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.     For funeral and/or burial expenses;

4.     For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, MICHAEL CODY, MELISSA ADAMS, and CLAUDELL VAUGHAN,

25

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. _____

pursuant to California Civil Code sections 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE, pursuant to California Civil Code section 818);

5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; 29 U.S.C. § 794; 42 U.S.C. § 12205; California Civil Code section 52.1; California Code of Civil Procedure section 1021.5; and any other statute as may be applicable;

6.      For interest; and

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: August 14, 2023                                      Respectfully Submitted,

By: _____
     Mark E. Merin
     Paul H. Masuhara
     LAW OFFICE OF MARK E. MERIN
     1010 F Street, Suite 300
     Sacramento, California 95814
     Telephone: (916) 443-6911
     Facsimile: (916) 447-8336

     Attorneys for Plaintiffs
     ESTATE OF CHRISTOPHER TEMPLE
     and AMBER SMITH

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF CHRISTOPHER TEMPLE and AMBER SMITH.

Dated: August 14, 2023

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF CHRISTOPHER TEMPLE
and AMBER SMITH

27