Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF CHRISTOPHER TEMPLE
and AMBER SMITH

PORTER | SCOTT
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Matt Gross, SBN, 324007
2180 Harvard Street, Suite 500
Sacramento, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706
cfessenden@porterscott.com
mgross@porterscott.com

Attorneys for Defendants
COUNTY OF PLACER, PLACER COUNTY
SHERIFF'S OFFICE, WAYNE WOO,
CODY MICHAEL, MELISSA ADAMS,
and CLAUDELL VAUGHAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF CHRISTOPHER TEMPLE and AMBER SMITH,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, CODY MICHAEL, MELISSA ADAMS, and CLAUDELL VAUGHAN,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-01713-JAM-CKD<br><br>**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES; [PROPOSED] ORDER** |

1

## STIPULATED PROTECTIVE ORDER

**A.  PURPOSE AND LIMITATION**

Defendants believe that the disclosure and discovery activity concerning the materials described in this stipulated protective order is likely to involve production of information for which protection from public disclosure would be warranted. Plaintiffs have not been permitted to view the materials described in this stipulated protective order. The parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items identified herein which are entitled to such protection under Federal Rule of Civil Procedure 26(c). The parties further acknowledge that this stipulated protective order does not entitle any party to file information designated herein as protected or confidential under seal, where Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.  DEFINITIONS**

The following definitions shall apply to this Protective Order:

1.  The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.  "Documents" or "Confidential Documents" shall mean the documents that Defendants designate as "Confidential" and described in section C.

3.  "Confidential" shall mean information designated "Confidential" pursuant to this stipulated protective order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the designating party to be subject to protection pursuant to Federal Rule of Civil Procedure 26(c). Confidential documents, material, and/or information shall be used solely for purposes of litigation. Confidential information shall not be used by the non-designating party for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

4.  "Defendants" shall mean the COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, CODY MICHAEL, MELISSA ADAMS, and CLAUDELL VAUGHAN, and

2

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

any other Defendant(s) that may subsequently be added to this action.

5. "Plaintiffs" shall mean the ESTATE OF CHRISTOPHER TEMPLE and AMBER SMITH.

6. "Parties" shall mean Plaintiffs and Defendants, identified above.

## C. INFORMATION COVERED

Covered Information:

Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection under this stipulated protective order is provided and limited to the following identified documents:

(1) Placer County Sheriff's Office Personnel Files of Claudell Vaughan:
- (a) Change of Contact Information (DEF 509–DEF 510)
- (b) Placer County Sheriff's Office New Employee Information personal information (DEF 511–DEF 516)
- (c) Placer County Sheriff's Office General Orders Manual Receipt signing (DEF 517–DEF 518)
- (d) Oath of Office signing (DEF 519–DEF 520)
- (e) Identification Application Form (DEF 521–DEF 524)
- (f) Policy Acknowledgement for Injury and Illness Prevention Program (DEF 525–DEF 526)
- (g) Policy Acknowledgement for sexual misconduct and abuse (DEF 527–DEF 528)
- (h) Policy Acknowledgement for nepotism (DEF 529–DEF 530)
- (i) Employee/Volunteer Statement Form (DEF 531–DEF 532)
- (j) Election to Receive/Not Receive Public Records (DEF 533–DEF 534)
- (k) Oath of Confidentiality (DEF 535–DEF 536)
- (l) Letter of Reprimand (DEF 539-540)
- (m) Notification Re: 3305 California Government Code Letter (DEF 541-542)
- (n) Change of Contact Information (DEF 545–DEF 546)
- (o) Promotion Records and Employment Information (DEF 547–DEF 552)
- (p) Sacramento Policy Academy Award (DEF 553–DEF 554)

3

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

|   |     |                                                                                  |
|---|-----|----------------------------------------------------------------------------------|
| 1 | (q) | HR Documentation on Wages (DEF 555–DEF 556)                                      |
| 2 | (r) | Promotion Records and Employment Information (DEF 557–DEF 562)                   |
| 3 | (s) | Sacramento Policy Academy Award (DEF 563–DEF 564)                                |
| 4 | (t) | HR Documentation on Wages (DEF 565–DEF 566)                                      |
| 5 | (u) | Promotion Records and Employment Information (DEF 567–DEF 568)                   |
| 6 | (v) | Performance Evaluations (DEF 569–DEF 570)                                        |
| 7 | (w) | Employee Performance Evaluation Form—Performance Development System (DEF 571–DEF 594) |
| 9 | (x) | Employee Performance Evaluation Form—Individual Contributor (DEF 595–DEF 602)    |
| 11| (y) | Business Process Notification for Compensation Change (DEF 603–DEF 604)          |
| 12| (z) | Commendations (DEF 605–DEF 608)                                                  |
| 13| (aa)| Sierra College Transcripts and grades (DEF 609–DEF 617)                          |
| 14| (bb)| Oath of Office certificate (DEF 618–DEF 620)                                     |
| 15| (cc)| Placer County Employment Application (DEF 623–DEF 640)                           |

(2) Placer County Sheriff's Office Personnel Files of Cody Michael:

- (a) Placer County Sheriff's Office New Employee Information personal information (DEF 705–DEF 707)
- (b) Placer County Sheriff's Office General Orders Manual Receipt signing (DEF 708)
- (c) Employee Insurance Information (DEF 709)
- (d) CA ID photo (DEF 710)
- (e) Employee Insurance Information (DEF 711–DEF 712)
- (f) Oath of Office signing (DEF 713)
- (g) Identification Application Form (DEF 714–DEF 715)
- (h) Employee/Volunteer Statement Form (DEF 716)
- (i) Salary Information (DEF 719)
- (j) Performance Evaluation Form (DEF 720–DEF 729)
- (k) Commendations (DEF 730)

4

(3) Placer County Sheriff's Office Personnel Files of Melissa Adams:

 (a) Employee Verification Of Information Form (DEF 734–DEF 741)

 (b) Email to HR regarding last name change (DEF 742–DEF 743)

 (c) Update Personal Contact Information (DEF 744–DEF 745)

 (d) Placer County New Employee Information Application (DEF 746–DEF 751)

 (e) Placer County Sheriff's Office General Orders Manual Receipt signing (DEF 752–DEF 755)

 (f) HR Letter Regarding transition to full time employment (DEF 756–DEF 757)

 (g) Receipt of Placer County Sheriff's Office General Orders Manual Receipt signing (DEF 758–DEF 759)

 (h) Oath of Office signing (DEF 760–DEF 761)

 (i) Employee/Volunteer Statement Form (DEF 762–DEF 763)

 (j) Oath of Office signing (DEF 764–DEF 765)

 (k) Election to Receive/Not Receive Public Records (DEF 766–DEF 769)

 (l) Acknowledge Receipt of Workplace Discrimination Policy (DEF 770–DEF 773)

 (m) HR Letter regarding employment at Placer County (DEF 774–DEF 775)

 (n) Promotion Records and Employment Information (DEF 776–DEF 784)

 (o) Absence Return HR Documentation on Return to Work (DEF 785–DEF 787)

 (p) HR Documentation on Absence Requests and Approval (DEF 788–DEF 793)

 (q) HR Documentation on Absence Requests and Approval (DEF 794–DEF 799)

 (r) Non Competitive Promotion Letter (DEF 800–DEF 801)

 (s) HR Documentation on Medical Leave of Absence (DEF 802–DEF 815)

 (t) Multiple copies of ACORN Personnel Action Form Application (DEF 816–DEF 837)

 (u) Non Competitive Promotion Letter (DEF 838–DEF 839)

 (v) Multiple copies of ACORN Personnel Action Form Application (DEF 840–DEF 863)

 (w) Performance Evaluations (DEF 864–DEF 865)

5

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

|   |   |   |
|---|---|---|
| | (x) | Employee Performance Evaluation Form—Performance Development System—four copies (DEF 866–DEF 901) |
| | (y) | PREA Acknowledgement Form and signature (DEF 902–DEF 905) |
| | (z) | Employee Performance Evaluation (DEF 906–DEF 907) |
| | (aa) | 2018 Employee Performance Evaluation (DEF 908–DEF 910) |
| | (bb) | 2017 Employee Performance Evaluation (DEF 911–DEF 913) |
| | (cc) | Acknowledgement Form for Evaluation Form (DEF 914–915) |
| | (dd) | 2016 Employee Performance Evaluation (DEF 916–DEF 923) |
| | (ee) | Acknowledgement Form for Evaluation Form (DEF 924–DEF 925) |
| | (ff) | Placer County Performance Evaluation and signature of policy acknowledgement (DEF 926–DEF 931) |
| | (gg) | 2016/2015 Employee Performance Evaluation (DEF 932–DEF 935) |
| | (hh) | 2015 Employee Performance Evaluation (DEF 936–DEF 941) |
| | (ii) | Employment Application Form (DEF 942–DEF 957) |
| | (jj) | Acknowledgment of Policy Against Workplace Harassment (DEF 958–DEF 959) |
| | (kk) | Commendations (DEF 960–DEF 963) |
| | (ll) | Commendation from Sacramento County DHA Criminal Investigator (DEF 964–DEF 965) |
| | (mm) | Certificate of Special Congressional Recognition (DEF 966–DEF 967) |
| | (nn) | Letter and Memo of Commendation from 6/15/17 (DEF 968–DEF 971) |
| | (oo) | Letter of Commendation from 10/25/16 (DEF 972–DEF 973) |
| | (pp) | Letter of Appreciation 9/2/2016 (DEF 974–DEF 979) |
| | (qq) | Sierra College Employment Application and Transcript (DEF 980–DEF 985) |
| | (rr) | Placer County Employment Application (DEF 986–DEF 993) |
| | (ss) | Resume attached to Placer County Employment Application (DEF 994–DEF 995) |

Other than the specifically-identified documents above, no other information or documents are covered by this stipulated protective order. If protection is sought for other information or documents not identified herein, the parties may seek a separate stipulated protective order or a party may move the

6

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

Court for a separate protective order.

Particularized Need for Protection:

Pursuant to Local Rule 141.1(c)(2), Defendants assert that there exists a specific, particularized need for protection as to the information covered by this stipulated protective order. Defendants represent to the Court and Plaintiffs that the materials designated to be covered by this stipulated protective order are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c), and does not include information designated on a blanket or indiscriminate basis. *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

Showing of Need for a Protective Order:

Pursuant to Local Rule 141.1(c)(3), protection afforded by this stipulated protective order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). The entry of this stipulated protective order may prevent the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection, in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith representations of the need for protection. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986). As a result, production may be made with this stipulated protective order in place and, if necessary, it will permit discrete and narrowed challenges to documents designated for protection.

**D.   TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" and produced subject to this stipulated protective order:

1. The Confidential documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. The parties will designate the Confidential documents as confidential by affixing a mark labelling them "Confidential."

3. The Confidential documents may only be disclosed to the following:

   a. Plaintiffs, Mark E. Merin and Paul H. Masuhara of the Law Office of Mark E.

7

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

Merin, and any partners and associates in that office;

        b.    Defendants, Carl L. Fessenden and Suli A. Mastorakos of Porter Scott, and any partners and associates in that office;

        c.    Paralegal, clerical, and secretarial personnel or support staff regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

        d.    Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

        e.    Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

        f.    The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and

        g.    Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4.    Information covered by this stipulated protective order does not automatically entitle the parties to file such information or documents with the Court under seal. Any request to seal documents is governed by Local Rule 141. If the Confidential documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential documents will be filed and served in accordance with Local Rule 141.

5.    The designation of the Confidential documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential documents or information contained therein.

6.    Any party or non-party may challenge a Confidential designation at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and

8

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner. If the parties cannot resolve a challenge without Court intervention, the designating party shall file and serve a motion for protective order/to retain confidentiality pursuant Federal Rule of Civil Procedure 26(c) and Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the designating party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the designating party, consistent with Federal Rule of Civil Procedure 26(c). Unless the designating party has waived the confidentiality designation by failing to file a motion for protective order/to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge.

       7.    Should the Confidential documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this stipulated protective order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this stipulated protective order.

       8.    The Confidential documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this stipulated

9

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

protective order.

9. The protections conferred by this stipulated protective order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by this stipulated protective order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

10. After the conclusion of this litigation, the Confidential documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the action with prejudice for any other reason.

11. This stipulated protective order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this stipulated protective order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the stipulated protective order shall continue in force as a private agreement between the parties.

12. The parties may request additional records to be subject to this stipulated protective order. If a party believes a document to be produced should be subject to this stipulated protective order, the parties must meet and confer. If there is agreement, the parties shall submit an amendment to this stipulated protective order to identify the additional documents. If the parties cannot agree, the party seeking protection shall file a motion for protective order pursuant to the terms of Local Rule 251.

13. During the pendency of this lawsuit, the Court may (a) make such amendments, modifications, and/or additions to this stipulated protective order as deemed appropriate upon good cause shown; and (b) adjudicate any dispute arising under it.

/ / /

/ / /

/ / /

/ / /

10

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

1     IT IS SO STIPULATED.

2   Dated: January 5, 2024                              Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*
(as authorized on January 5, 2024)
By: _____
   Mark E. Merin
   Paul H. Masuhara

    Attorneys for Plaintiffs
    ESTATE OF CHRISTOPHER TEMPLE
    and AMBER SMITH

Dated:                                         Respectfully Submitted,
PORTER | SCOTT

*/s/ Matthew W. Gross*

By: _____
   Carl L. Fessenden
   Matt Gross

    Attorneys for Defendants
    COUNTY OF PLACER, PLACER COUNTY
    SHERIFF'S OFFICE, WAYNE WOO,
    CODY MICHAEL, MELISSA ADAMS,
    and CLAUDELL VAUGHAN

11

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

**[~~PROPOSED~~] ORDER**

The parties' stipulated protective order is GRANTED.

IT IS SO ORDERED.

Dated:  January 16, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
temp23cv1713.stip.po

12

**STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD