Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:      mark@markmerin.com
             paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF CHRISTOPHER TEMPLE
and AMBER SMITH

P O R T E R  |  S C O T T
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Matt Gross, SBN, 324007
2180 Harvard Street, Suite 500
Sacramento, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706
cfessenden@porterscott.com
mgross@porterscott.com

Attorneys for Defendants
COUNTY OF PLACER, PLACER COUNTY
SHERIFF'S OFFICE, WAYNE WOO,
CODY MICHAEL, MELISSA ADAMS,
and CLAUDELL VAUGHAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF CHRISTOPHER TEMPLE and AMBER SMITH,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, CODY MICHAEL, MELISSA ADAMS, and CLAUDELL VAUGHAN,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01713-JAM-CKD<br><br>**STIPULATED PROTECTIVE ORDER RE: OFFICER-INVOLVED SHOOTINGS; [PROPOSED] ORDER** |

1

## STIPULATED PROTECTIVE ORDER

**A.  PURPOSE AND LIMITATION**

Defendants believe that the disclosure and discovery activity concerning the materials described in this stipulated protective order is likely to involve production of information for which protection from public disclosure would be warranted. Plaintiffs have not been permitted to view the materials described in this stipulated protective order. The parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items identified herein which are entitled to such protection under Federal Rule of Civil Procedure 26(c). The parties further acknowledge that this stipulated protective order does not entitle any party to file information designated herein as protected or confidential under seal, where Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.  DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the documents that Defendants designate as "Confidential" and described in section C.

3. "Confidential" shall mean information designated "Confidential" pursuant to this stipulated protective order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the designating party to be subject to protection pursuant to Federal Rule of Civil Procedure 26(c). Confidential documents, material, and/or information shall be used solely for purposes of litigation. Confidential information shall not be used by the non-designating party for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

4. "Defendants" shall mean the COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, CODY MICHAEL, MELISSA ADAMS, and CLAUDELL VAUGHAN, and

2

**STIPULATED PROTECTIVE ORDER RE: OFFICER-INVOLVED SHOOTINGS**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

any other Defendant(s) that may subsequently be added to this action.

        5.      "Plaintiffs" shall mean the ESTATE OF CHRISTOPHER TEMPLE and AMBER SMITH.

        6.      "Parties" shall mean Plaintiffs and Defendants, identified above.

**C.    INFORMATION COVERED**

<u>Covered Information</u>:

Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection under this stipulated protective order is provided and limited to the following identified documents:

    (1)    Placer County Sheriff's Office IA # 2018-0004 Re: Officer Involved Shooting of Samuel Kolb [Bates # DEF 02522–DEF 02781];

    (2)    Placer County Sheriff's Office IA # 2021-0002 Re: Officer Involved Shooting of Albert Savala [Bates # DEF 02782–DEF 03282];

    (3)    Placer County Sherriff's Office IA # 2022-0002 Re: Office Involved Shooting of Dennis Lynch [Bates # DEF 03283–DEF 030507];

    (4)    Placer County Sherriff's Office IA #2022-003 Re: Officer Involved Shooting of Jacob Stankovic [Bates # DEF 06889–DEF 07293]; and

    (5)    Placer County Sherriff's Office Incident Reports involving a mental health crisis [Bates # DEF 03508–DEF 06888].

Other than the specifically-identified documents above, no other information or documents are covered by this stipulated protective order. If protection is sought for other information or documents not identified herein, the parties may seek a separate stipulated protective order or a party may move the Court for a separate protective order. Nothing in this stipulated protective order covers information or documents which were previously or are subsequently disclosed, including pursuant to California Penal Code § 832.7.

<u>Particularized Need for Protection</u>:

Pursuant to Local Rule141.1(c)(2), Defendants assert that there exists a specific, particularized need for protection as to the information covered by this stipulated protective order. Defendants represent to the Court and Plaintiffs that the materials designated to be covered by this stipulated protective order

3

**STIPULATED PROTECTIVE ORDER RE: OFFICER-INVOLVED SHOOTINGS**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c), and does not include information designated on a blanket or indiscriminate basis. *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

<u>Showing of Need for a Protective Order</u>:

Pursuant to Local Rule 141.1(c)(3), protection afforded by this stipulated protective order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). The entry of this stipulated protective order may prevent the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection, in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith representations of the need for protection. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986). As a result, production may be made with this stipulated protective order in place and, if necessary, it will permit discrete and narrowed challenges to documents designated for protection.

**D.   TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" and produced subject to this stipulated protective order:

1. The Confidential documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. The parties will designate the Confidential documents as confidential by affixing a mark labelling them "Confidential."

3. The Confidential documents may only be disclosed to the following:

   a. Plaintiffs, Mark E. Merin and Paul H. Masuhara of the Law Office of Mark E. Merin, and any partners and associates in that office;

   b. Defendants, Carl L. Fessenden and Suli A. Mastorakos of Porter Scott, and any partners and associates in that office;

   c. Paralegal, clerical, and secretarial personnel or support staff regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition

4

**STIPULATED PROTECTIVE ORDER RE: OFFICER-INVOLVED SHOOTINGS**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

reporters or videographers retained in connection with this action;

   d. Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

   e. Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

   f. The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and

   g. Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

  4. Information covered by this stipulated protective order does not automatically entitle the parties to file such information or documents with the Court under seal. Any request to seal documents is governed by Local Rule 141. If the Confidential documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential documents will be filed and served in accordance with Local Rule 141.

  5. The designation of the Confidential documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential documents or information contained therein.

  6. Any party or non-party may challenge a Confidential designation at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the

5

**STIPULATED PROTECTIVE ORDER RE: OFFICER-INVOLVED SHOOTINGS**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner. If the parties cannot resolve a challenge without Court intervention, the designating party shall file and serve a motion for protective order/to retain confidentiality pursuant Federal Rule of Civil Procedure 26(c) and Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the designating party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the designating party, consistent with Federal Rule of Civil Procedure 26(c). Unless the designating party has waived the confidentiality designation by failing to file a motion for protective order/to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge.

7.    Should the Confidential documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this stipulated protective order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this stipulated protective order.

8.    The Confidential documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this stipulated protective order.

9.    The protections conferred by this stipulated protective order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by this stipulated protective order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including

becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

10. After the conclusion of this litigation, the Confidential documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the action with prejudice for any other reason.

11. This stipulated protective order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this stipulated protective order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the stipulated protective order shall continue in force as a private agreement between the parties.

12. The parties may request additional records to be subject to this stipulated protective order. If a party believes a document to be produced should be subject to this stipulated protective order, the parties must meet and confer. If there is agreement, the parties shall submit an amendment to this stipulated protective order to identify the additional documents. If the parties cannot agree, the party seeking protection shall file a motion for protective order pursuant to the terms of Local Rule 251.

13. During the pendency of this lawsuit, the Court may (a) make such amendments, modifications, and/or additions to this stipulated protective order as deemed appropriate upon good cause shown; and (b) adjudicate any dispute arising under it.

IT IS SO STIPULATED.

Dated: July 30, 2025

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*

By: _____
    Mark E. Merin
    Paul H. Masuhara

    Attorneys for Plaintiffs
    ESTATE OF CHRISTOPHER TEMPLE
    and AMBER SMITH

7

**STIPULATED PROTECTIVE ORDER RE: OFFICER-INVOLVED SHOOTINGS**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

Dated: July 29, 2025

Respectfully Submitted,

**PORTER | SCOTT**

*/s/ Matt Gross*
(as authorized on _____, 2025)
By: _____
Carl L. Fessenden
Matt Gross

Attorneys for Defendants
COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, WAYNE WOO, CODY MICHAEL, MELISSA ADAMS, and CLAUDELL VAUGHAN

8

**STIPULATED PROTECTIVE ORDER RE: OFFICER-INVOLVED SHOOTINGS**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD

## [PROPOSED] ORDER

The parties' stipulated protective order is GRANTED.

IT IS SO ORDERED.

Dated: 08/06/25

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, temp23cv1713.stip.po

9

**STIPULATED PROTECTIVE ORDER RE: OFFICER-INVOLVED SHOOTINGS**
*Estate of Temple v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:23-cv-01713-JAM-CKD